UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIDGEPORT MUSIC, INC., *et al.* ) | Case Nos. 3:01-0795, 838, 840, 873, 914, 917, |
| ) | 986, 1016, 1040, 1052, 1055, 1104, 1115, 1126, |
| ) | 1137, 1141, 1151, 1158, 1160, 1166 |
| Plaintiffs, ) | |
| ) | |
| ) | Jury Demand |
| v. ) | Judge Campbell/Brown |
| ) | |
| UNIVERSAL-MCA MUSIC PUBLISHING, ) | |
| INC., *et al.* ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is the Mandate from the United States Court of Appeals for the Sixth Circuit remanding the above-styled cases for a more detailed order specifically addressing the Defendants' request for reasonable terms and conditions relating to the voluntary dismissal of Bridgeport's complaints. The focus of this Mandate is whether the Defendants' should be designated as prevailing parties and/or are entitled to attorney fees pursuant to the discretionary "terms and conditions" clause of Rule 41(a)(2) of the Federal Rules of Civil Procedure given that Plaintiff voluntarily dismissed twenty cases. This matter was referred to the Magistrate Judge for report and recommendation. For the reasons stated below, the Magistrate Judge **recommends** that the Defendants' Motion for Attorney Fees and Costs in each of these cases be **DENIED.**

It is not necessary for the Magistrate Judge to detail the specific background of this matter as this was very succinctly done in the Sixth Circuit's Opinion. In short, the issue is what

1

basis did this Court have for exercising it's discretion to deny the Defendants' request for designation as prevailing parties or, in the alternative, for attorney fees and costs. As the now retired Judge Higgins entered the initial order denying these requests, the Magistrate Judge felt it necessary to allow the parties to begin their arguments anew. The parties fully briefed, and supplementary briefed, this matter. Further, oral arguments were held on October 30, 2007.

After reviewing the parties' sizeable briefs and listening to the lengthy oral arguments, the Magistrate Judge has concluded that this is a matter of disagreement to which there is no clear answer. Having been a part of this matter from the very beginning in 2001, the Magistrate Judge notes that neither Bridgeport nor the Defendants have been particularly prompt, brief or clear when dealing with discovery requests and responses.

The Defendants argue that Bridgeport should have dismissed these actions earlier and that Bridgeport delayed discovery. In a few cases, the Defendants also argue that many of the actions should not even have been brought in the first place because they were obviously time barred or involved *de minimis* infringement. Bridgeport responds that it was entitled to bring all of the twenty actions at issue, that it made timely requests for discovery, and that it was the Defendants who delayed discovery causing any alleged delay in dismissal. Further, Bridgeport argues that only after discovery was taken was it able to weigh the benefit of pursuing these matters versus the cost of pursuing these actions.

Both the Plaintiff and the Defendants cite to a myriad of cases from the various circuits all of which state the correct standard that courts, when considering a dismissal without prejudice and the "terms and conditions" clause of Rule 41, should keep in mind. This includes the legal prejudice to the defendant, specifically the fees and costs of defending the dismissed

2

action.  The problem is how to apply the general principle to the specific cases at hand.  When making such a decision, the factors to be considered include (1) how much effort and expense the defendant has invested in preparation for trial; (2) whether the plaintiff caused excessive delay or has not been diligent in prosecuting the action; (3) whether the plaintiff has offered an insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant.  *Grover by Grover vs. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  Further, the Magistrate Judge has reviewed other Bridgeport decisions, both where fees were awarded and where fees were denied.  See *Bridgeport Music Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir. 2004); *Bridgeport Music Inc. v. London Music, U.K. et al*, 2007 WL 930409 (6th Cir. 2007).[1]

The Magistrate Judge has closely reviewed each of the individual twenty cases and finds that Defendants should not be designated as prevailing parties and should not be awarded payment of attorneys' fees and costs incurred in defending the dismissed actions.  The Magistrate Judge fully understands that each case is separate and fees and costs could be awarded in any one of them.  However, the Magistrate Judge does not find distinguishing factors in any of these twenty cases.  Contrary to the Defendants' contentions, prior to the Rhyme Syndicate decision in July 2004, Bridgeport had a reasonable basis for bringing these actions.  *Rhyme Syndicate*, 376 F.3d at 615.  Additionally, whether any use was *de minimis* was not raised in any successful motion for summary judgment.  Further, in terms of any delay in dismissing

---

[1]The Magistrate Judge does note that these cases were analyzing the award of fees under the Copyright Act rather than under Rule 41(a)(2).  Nonetheless, there are several common principles which make these cases useful when rendering a decision in the instant cases regarding fees and prevailing party designation.

3

these actions, neither side has covered themselves in glory when requesting and responding to discovery. Both sides could have acted quicker and spent less in prosecuting and defending these cases. Therefore, neither party has convinced the Magistrate Judge who is to blame for any delay. Also, while the Defendants repeat their defense mantra of "Bridgeport knew of the existence of prior licenses," the Magistrate Judge notes that the licenses themselves and the literally dozens of entities involved in the creation, ownership and licensing of each composition make it difficult to determine who owns what without significant discovery taking place for clarification. Further, there was a lengthy stay in discovery in these actions. Additionally, Bridgeport's costs benefit analysis reasoning is a reasonable explanation for dismissal and there is no concrete evidence provided by the Defendants that Bridgeport's litigation strategies were inappropriate. In fact, the Defendants took a firm position that they would litigate the cases. Lastly, while the Defendants' supposition that they would have been the prevailing parties had the litigation continued is certainly possible, it is still mere speculation. As such, when reviewing the factors to be considered, the Magistrate Judge finds that the Defendants are not clearly prejudiced by these dismissals. Therefore, the Defendants are not entitled to a designation as prevailing parties nor are they entitled an award of attorney fees.

The Magistrate Judge would note that the argument over fees should not become a secondary litigation that becomes more complex and expensive than the original litigation. The amount of resources the parties and the Court spent litigating over fees has now likely consumed more time and money than the original litigation. Undoubtedly there will be another trip to the Sixth Circuit by whoever loses this round of litigation. At some point, everyone is entitled to relief from more litigation after the dismissal of the original case at issue.

4

For the reasons stated above, the Magistrate Judge **recommends** that the Defendants' Motion for Attorneys Fees be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of December, 2007.

JOE B. BROWN
United States Magistrate Judge